IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**UNITED STATES OF AMERICA,**

    Plaintiff-Respondent**,**

v.                                                   **Civil Action No. 3:11-CV-81**
                                                   **Criminal Action No. 3:10-CR-7**
                                                   **(Bailey)**

**GERALD GIBBS,**

    Defendant-Petitioner.

### ORDER GRANTING MOTION FOR ISSUANCE OF A
### CERTIFICATE OF APPEALABILITY

By Order entered October 25, 2011 [Crim. Doc. 178 / Civ. Doc. 3], this Court denied Defendant Gerald Gibbs' Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 [Crim. Doc. 176 / Civ. Doc. 1].  In denying the petition, this Court found that the Fourth Circuit had not provided guidance concerning the outstanding issue of whether the Fair Sentencing Act of 2010 vitiates the statutory mandatory minimum sentences for conduct which takes place prior to August 3, 2010, without respect to when the sentencing itself occurs.

A Notice of Intent to Appeal on behalf of the petitioner was filed herein on November 7, 2011 [Civ. Doc. 4], along with Petitioner Gerald Gibbs' Motion for Certificate of Appealability [Civ. Doc. 5], brought pursuant to 28 U.S.C. § 2253(c) and Rule 22(b) of the Local Rules of the Fourth Circuit Court of Appeals.

The basis for the Motion is the contention that even though the offense of which the defendant was convicted occurred on December 2, 2008, the mandatory minimum sentence should not have been imposed by virtue of the passage of the Fair Sentencing

Act of 2010.

On April 26, 2010, this defendant entered a plea of guilty to Count 11 of the Superseding Indictment [Doc. 44], charging him with the distribution of approximately 5.4 grams of cocaine base on December 2, 2008. A sentencing hearing was held on July 28, 2010, at which hearing this Court imposed a sentence of 60 months, being the mandatory minimum sentence.

On that same day, the United States House of Representatives passed and sent to the President for signature Senate Bill 1789, the "Fair Sentencing Act of 2010," which purported to remove the mandatory minimum sentence for violations involving 5-28 grams of cocaine base. For that reason, this Court *sua sponte* vacated Mr. Gibbs' sentence [Doc. 125]. A new sentencing hearing was held on December 10, 2010, at which hearing this Court again imposed the mandatory minimum 60 month sentence, finding that where the offense date is prior to the effective date of the Fair Sentencing Act, the mandatory minimum sentence still applies [Doc. 144].

In support of his Motion to Vacate, the defendant relied upon the July 15, 2011, memorandum issued by the United States Attorney General which concludes that "the law requires the application of the Act's new mandatory minimum sentencing provisions to all sentencings that occur on or after August 3, 2010, regardless of when the offense took place."

Noting its great respect for the Office of the Attorney General, this Court made clear the opinion of the Attorney General does not control this Court or this case. Rather, this Court must be guided by the opinions of the United States Court of Appeals for the Fourth Circuit. Herein lies the reason for this Court's decision to grant the instant Certificate of

Appealability; i.e., the Fourth Circuit has not definitively decided the instant issue. Rather, the Court has essentially tied the hands of the district courts, leaving its judges to construe its silence on the issue as a rejection of the Attorney General's July 15, 2011, Memorandum. Instead, the district courts, including the undersigned, have repeatedly rejected the Attorney General's position by relying on inferences drawn from various sources, with particular attention to the *Bullard* case.

> In *United States v. Bullard*, 645 F.3d 237 (4th Cir. 2011), the Fourth Circuit held:
>
> We agree and join all of our sister circuits to have addressed the issue in holding that the Savings Statute does indeed preclude retroactive application of the FSA.
>
> The Savings Statute provides:
>
>> The repeal of any statute shall not have the effect to release or extinguish any penalty ... incurred under such statute, unless the repealing Act shall so *expressly provide,* and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty....
>
> 1 U.S.C. § 109 (emphasis added). This rule fully applies in the sentencing context and bars "application of ameliorative criminal sentencing laws repealing harsher ones in force at the time of the commission of an offense," absent an express statement that the law is intended to be applied retroactively. *Warden, Lewisburg Penitentiary v. Marrero,* 417 U.S. 653, 661 (1974). We agree with all eight circuits that have ruled on the issue that the FSA contains no express statement of retroactivity, nor can any such

intent be inferred from its language. *See **United States v. Doggins**,* 633 F.3d 379, 384 (5th Cir. 2011); ***United States v. Reevey**,* 631 F.3d 110, 114–15 (3d Cir. 2010); ***United States v. Diaz**,* 627 F.3d 930, 931 (2d Cir. 2010) (*per curiam*); ***United States v. Gomes**,* 621 F.3d 1343, 1346 (11th Cir. 2010); ***United States v. Bell**,* 624 F.3d 803, 814–15 (7th Cir. 2010); ***United States v. Carradine**,* 621 F.3d 575, 580 (6th Cir. 2010); ***United States v. Lewis**,* 625 F.3d 1224, 1228 (10th Cir. 2010); ***United States v. Brewer**,* 624 F.3d 900, 909 n. 7 (8th Cir. 2010).

645 F.3d at 248.

Importantly, the Fourth Circuit **expressly reserved** the issue of whether the FSA could be found to apply to defendants whose offenses were committed before August 3, 2010, but who were sentenced or are to be sentenced after that date. In the absence of specific guidance, this Court has construed the Fourth Circuit's silence to imply that the statutory construction and rationale as expressed in ***Bullard*** would apply equally to persons whose sentencings were or are after August 3, 2010.

This Court also takes limited guidance from ***United States v. McDougald***, 420 Fed.Appx. 238 (4th Cir. April 1, 2011) (*per curiam*) ("the Fair Sentencing Act, which reduces the cocaine/cocaine base disparity by amending the drug quantities triggering the statutory penalties, is not retroactive and is only applicable to defendants who commit their offenses after its effective date") and ***United States v. Thompson***, 426 Fed.Appx. 148, 150 (4th Cir. April 29, 2011) (*per curiam*) (same).

In ***United States v. Brewer***, 2011 WL 2132971 (N.D. W.Va. May 24, 2011), Judge

Keeley, in finding the defendant subject to the mandatory minimum at a sentencing held May 18, 2011, well after August 3, 2010, stated:

> At sentencing, Brewer argued that **Bullard's** reservation of the question in footnote 5 regarding defendants sentenced after August 3, 2010, evinced a distinction between prospective and retroactive application of the FSA.  That argument is unavailing, however, for it misses the critical point of **Bullard**, which focused not on the date of sentencing or conviction, but rather on when the defendant committed the offense.  Thus, unless Congress acts to explicitly grant relief to persons in Brewer's situation, as it did in 1974 with regard to parole eligibility, this Court is without authority to impose a sentence below that mandated by the now-discarded version of § 841.

2011 WL 2132971 at *4 (footnote omitted).

The petitioner also provides a different view expressed in an opinion out of the Western District of Virginia, **Jeffers v. United States**, in which the court expressed its opinion that the Fair Sentencing Act of 2010, may apply to defendants not yet sentenced as of the date of its enactment, characterizing application of the Act *prospectively*, while recognizing the Act "does not apply retroactively" to persons sentenced prior to its enactment.  5:04-CR-3004201 (W. D. Va. February 11, 2011) at FN 1.

In addition, the other circuit courts that have addressed the issue of post August 3, 2010, sentencings are split.  The First and Third Circuits find the Fair Sentencing Act to apply to sentencings conducted after August 3, 2010.  **United States v. Douglas**, 644 F.3d

39 (1st Cir. 2011); **United States v. Dixon**, 648 F.3d 195 (3rd Cir. 2011).[1] On the other hand, the Second, Fifth, Seventh, and Eighth Circuits have held that the Fair Sentencing Act is not retroactive, even for sentencings after August 3, 2010. **United States v. Acoff**, 634 F.3d 200 (2d Cir. 2011); **United States v. Tickles**, ___ F.3d ___, 2011 WL 4953988 (5th Cir. October 19, 2011); **United States v. Holcomb**, ___ F.3d ___, 2011 WL 3795170 (7th Cir. August 24, 2011) (denying rehearing *en banc*); **United States v. Sidney**, 648 F.3d 904 (8th Cir. 2011).

Under the controlling authority, a certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). In order to satisfy this standard, the petitioner must demonstrate that reasonable jurists would find any assessment of the constitutional claims or dispositive procedural rulings made by the Court wrong or debatable. **Miller-El v. Cockrell**, 537 U.S. 322, 336-38 (2003); **Slack v. McDaniel**, 529 U.S. 473, 484 (2000); **Rose v. Lee**, 252 F.3d 676, 683-84 (4th Cir. 2001).

In his Application for Issuance of a Certificate of Appealability Pursuant to 28 U.S.C. § 2253, the petitioner argues that the above stated issue involves certain constitutional rights; specifically, petitioner asserts that his procedural due process rights are being violated as the statute at issue entitles him to the benefit of an increased weight of 28 grams of cocaine base before a mandatory minimum sentence of sixty (60) months can be imposed. Further, the petitioner asserts that the issue before this Court may also violate

---

[1] In **United States v. Rojas**, 645 F.3d 1234 (11th Cir. 2011), a panel of the Eleventh Circuit also held that the FSA applied to sentencings after August 3, 2010. However, this decision was vacated and rehearing *en banc* granted. **United States v. Rojas**, 2011 WL 4552364 (11th Cir. October 4, 2011).

the petitioner's right to be free from cruel and unusual punishment and his right to equal protection under the law pursuant to the Eighth and Fourteenth Amendments to the United States Constitution, respectively.

After an independent review of the record, the Court believes that the petitioner has made the requisite showing necessary to the issuance of a certificate of appealability. Therefore, upon review of the above, it is the opinion of this Court that Petitioner Gerald Gibbs' Motion for Certificate of Appealability **[Doc. 5]** should be, and the same is hereby, **GRANTED**. Accordingly, the Clerk is hereby **DIRECTED** to transmit a Certificate of Appealability to the United States Court of Appeals for the Fourth Circuit and to transmit the statement described in Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. § 2255, along with the Notice of Appeal and this Court's file.

It is so **ORDERED**.

The Clerk of Court is directed to transmit copies of this Order counsel of record and to the Clerk of the United States Court of Appeals for the Fourth Circuit.

**DATED**: November 8, 2011.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE